### GROVER et. v. N. Y. CENT. RD. CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1581. Decided Oct. 14, 1927.

Ferneding and Allread, JJ., of the 2nd Dist., and Cushing, J., of the 1st Dist., sitting.

First Publication of This Opinion.

#### Syllabus by Editorial Staff.

**367. DEEDS.**

1. Unidentified and unsigned paper containing recital purporting to connect it with deed, and purporting to show part of consideration for such deed, cannot be made part of such deed.

2. Such case requires clear and convincing evidence and, without some legal identification, subjoined clause cannot be enforced.

Error to Common Pleas.
Petition dismissed.

Luther L. Boger, Columbus, for Grover et.. Vorys, Sater, Seymour & Pease, Columbus, for N. Y. Cent. Rd. Co.

#### STATEMENT OF FACTS.

The action involves the right of the plaintiffs to enforce, by way of injunction, a certain alleged covenant for the construction and maintenance of a private switch and the affording of certain switching facilities. The alleged covenant arises out of a conveyance of a right of way by A. C. Doney to the Toledo & Ohio Central Railway Company in the year 1880. The plaintiffs claim as the successors in title from A. C. Doney.

The original deed was lost by fire in the offices of the Toledo & Ohio Central Railway Company and has not been recorded. A substitute deed was executed July 18th, 1889, and thereafter recorded. A certified copy of the substitute deed was offered in evidence and is relied upon by the plaintiffs. The consideration clause of the deed recites:

"For and in consideration of the sum of One Dollar and other valuable consideration."

Following the deed proper in the record is the following:

"By the clause valuable considerations it is understood and agreed that there is to be, at or near the National Road crossing, a station switch and facilities for shipping as occasion requires, the same to be maintained by the Ry. Company to afford parties of the first part usual facilities for freight and other shipments. Also that the railroad company is to maintain and keep in repair a good and sufficient fence upon either side of its railroad."

The certified copy of the deed, including the subjoined clause, was offered in evidence by the plaintiffs. The defendant admitted the deed subject to objections thereto.

It appears that shortly after the original deed was executed and the railroad was constructed, the original railroad company constructed a switch from its main track onto the lands of Doney, being now Lot No. 20 as subdivided. The switch was maintained by the original railroad company and its successors until removed by defendants shortly before this action was brought. The defendants contend first that the subjoined clause containing the alleged covenant is not sufficiently identified to sustain its validity, and second, that even if connected with the deed the same is insufficient to support the contentions of plaintiffs that it became a covenant running with the land.

ALLREAD, J.

"If there had been a reference or recital in the original deed as to the subjoined clause there could be little foundation for a doubt that the subsequent paper would thereby have been made a part of the original document. The books are full of cases to that effect. Here, however, we have the reverse, the unidentified and unsigned paper containing a recital purporting to connect such paper with the deed. We think however, that is not sufficient. So far as the documents themselves are concerned the subjoined clause is merely a waif upon the doorstep. It has no recognition from within. It cannot, therefore, stand of its own force. This is a case requiring clear and convincing evidence to support the relief and without some legal identification of the subjoined clause we do not see how the same can be enforced.

Upon a consideration of the entire case we are of the opinion that the plaintiffs have not made out the case stated in the petition and that said petition must be dismissed."

(Ferneding and Kunkle, JJ., concur.)